AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
MIDDLE District of PENNSYLVANIA

| | |
|---|---|
| United States of America )<br>v. )<br> )   Case No.   5:18-MJ-79<br>JOHN JACOB HASAY )<br>*Defendant* ) | FILED<br>WILKES-BARRE<br>AUG [illegible] 2018<br>Per ___ MS |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

　　x  Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
　　☐  Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
　　☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
　　　　☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
　　　　　　§ 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
　　　　☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
　　　　☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
　　　　　　Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
　　　　　　(21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
　　　　☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
　　　　　　(a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
　　　　　　described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
　　　　　　jurisdiction had existed, or a combination of such offenses; **or**
　　　　☐ (e) any felony that is not otherwise a crime of violence but involves:
　　　　　　(i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
　　　　　　(iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**
　　☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
　　　　§ 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving
　　　　rise to Federal jurisdiction had existed; **and**
　　☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
　　　　committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
　　☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
　　　　defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

x By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

x☐ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
x History of alcohol or substance abuse
x Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The offense with which defendant is charged, while not a crime of violence or narcotic drugs, has the potential for violence based on statements made by defendant through social media or letters.

The weight of evidence against defendant is compelling.

Based upon the testimony of Dr. Fischbein, I find that defendant is in need of psychiatric evaluation and treatment. He also suffers from episodic alcohol abuse.

Defendant's admission to the mental health treatment facility suggested by Dr. Fischbein, Shepard Pratt in Baltimore, Maryland, would be a voluntary admission from which he could depart at will. The Court has not been provided with sufficient information as to what defendant's recommended treatment plan would be and what would be the circumstances under which the facility would report defendant's non-compliant behavior.

Due to the nature of the charges against him and the testimony of Dr. Fischbein, I have weighed the defendant's need for treatment with the threat he poses to himself and the community, and I find that defendant presents a danger to both himself and any other person or the community if he is released at this time.

Defendant is therefore ORDERED DETAINED without prejudice to his right to request reconsideration of this decision after he provides the Court with adequate assurance that his placement at Shepard Pratt would assure the safety of defendant and the community.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: _____August 31, 2018_____   _Joseph F. Saporito, Jr._
United States Magistrate Judge